FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 29  PM 4: 54

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES ANDERSON, CONNIE ABADIE, LEE ASAMA, CAROLYN AUDRICT, RHONDA AYME, BRENDA BOWMAN, AMANDY BACCHUS, SYLVIA BARBER, JULIA BARNES, LYNN BATES, MECHELE BATES, ALPHONSE BAZILLE, PHYLLIS BILLINGSLEY, PHYLLIS BILLINGSLEY, ERSEL BOGAN, ACQUANETTE BORNES, MARY BRANDON, ADOLPHUS BROCK, EVANGELINE BROWN, MALCOM BUTLER, MERCEDES CAIN, OWANDA CAMPBELL, BELINDA CHISM, TWANDA COLEMAN, SHARILA COLLINS, GWENDOLYN COLVON, GWENDOLYN COLVON, ODELIA CONDIFF, SUSAN COOMBS, IRMA CURTIS, NORMA DARBY, GAIL DAVIS, GLORIA DAVIS, BIRDIE DUGARS, ADA DUPLESSIS, JOANN DUVERNAY, JUANITA DYER, DWAYNE EDWARDS, CHANELL ENCALARDE, PAULETTE EVANS, KENDRA EVERY, MYRA FALEY, THERESA FIELDS, CALVIN FOLEY, SHIRLEY MAE GAINES, VESTA GANT, DANNA GILMORE, TOLETHA GILMORE, REGINALD | CIVIL ACTION<br><br>CLASS ACTION<br><br>NUMBER: **06-5485**<br><br>SECTION: **SECT. C MAG 4**<br><br>MAGISTRATE: |

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

HALL, REGINALD HALL,
GLENDA HAMLIN, AGNES
HARRIS, KAREN HARRIS,
KENNETH HARRIS, KENNITH
HARRIS, ALEX HARTLEY,
JOYCELYN HAYES, JOYCELYN
HAYES, DOREEN HILLS,
GWENDOLYN HOWARD, JOAN
HYDE, JOHNSON IOLANDA,
MICHELLE JOHNSON, JOHN
JOHNSON JR, MONICA JONES,
TYRONE JONES, PERCY KELSON,
DARRAL KENDRICKS, ANNA
KRONTZ, DAWN LANDRY,
CALVIN LANGE, CHAUNDRA
LEE, JANIES LEE, MALCOLM
LEFLORE, RACHELLE LEWIS,
LOURIE MATTHEWS, ALLEN
MCDONALD, LAURA MENE,
DWIGHT MICKEL, DARREN
MILLER, ODILE MILLET, UNEL
MITCHELL, UNEL MITCHELL,
GLORIA MUHAMMAD, MARK
MUMME, GEORGIA MUSACCHIA,
ARTHUR NELSON, DON PALMER,
EVELYN PARKER, DONIS
PARTMAN, CATHERINE
PATTERSON, GWENDOLYN
PAYNE, PORTIA POLLOCK,
GERALDINE PRUDHOMME,
GAYNELL RACHAL, HERBERT
ROBINSON, HERBERT
ROBINSON, JACQUELYN ROSS,
GERALD RUSSELL, CHERYL
SANCHEZ, SHEILA SANDERS,
MELVIN SCHULTZ, BRENDA
SINGLETON, PAULETTE SORINO,
DEBORAH STOCKMAN, MARION
SULLIVAN, MARCELYN TAYLOR,

YOLANDA TEMPLE-ESCO,
SHELLEAND TERRY, JOSEPH
THOMAS, JOSEPH THOMAS,
JOSEPH THOMAS, CATHERINE
THOMPSON-MAGEE, JOSEPH
TILLY, FRAZIER TOMPKINS,
HELEN TONTH, AARON TURNER,
JEAN TURNER, SHIRLENE
VAISON, MARIA VIEAGES, JOHN
WALKER, RICKEY WALKER,
OLIVER WHITE, ANTHONY
WHITTINGTON, ALFREDIA
WILLIAMS, MATTHEWS
WILLIAMS, MICHELLE
WILLIAMS, ISADORE WILLIS,
ALICE WROTEN, KIRK YOUNG,
SUSAN ZANDERS, ELIZABETH
ZEPHERIN,

     PLAINTIFFS,

VERSUS

ACE AMERICAN INSURANCE
COMPANY, ACE AMERICAN
REINSURANCE COMPANY, ACE
FIRE UNDERWRITERS
INSURANCE COMPANY, ACE
INDEMNITY INSURANCE
COMPANY, ACE PROPERTY AND
CASUALTY INSURANCE
COMPANY, AMERICAN
SECURITY INSURANCE
COMPANY, BALBOA INSURANCE
COMPANY, BALBOA LLOYDS
INSURANCE COMPANY,
FIDELITY AND CASUALTY
COMPANY OF NEW YORK, THE,
FIDELITY AND DEPOSIT

COMPANY OF MARYLAND, FIDELITY AND GUARANTY INSURANCE COMPANY, FIDELITY AND GUARANTY INSURANCE UNDERWRITERS INC, FIDELITY FIRST INSURANCE COMPANY, FIDELITY NATIONAL INSURANCE COMPANY, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, COLONIAL LLOYDS, DELTA LLOYDS INSURANCE COMPANY OF HOUSTON, TEXAS, NATIONAL LLOYD'S INSURANCE COMPANY, REPUBLIC LLOYDS, UNDERWRITERS AT LLOYD'S LONDON, SAFECO INSURANCE COMPANY OF AMERICA, SAFECO NATIONAL INSURANCE COMPANY, SAFECO SURPLUS LINES INSURANCE COMPANY, SOUTHWEST BUSINESS CORPORATION, STATE NATIONAL FIRE INSURANCE COMPANY, STATE NATIONAL INSURANCE COMPANY, UNION NATIONAL FIRE INSURANCE COMPANY, ZC SPECIALTY INSURANCE COMPANY, ZC STERLING CORPORATION, ZC STERLING INSURANCE AGENCY, AMERIQUEST MORTGAGE CO, AMC MORTGAGE SERVICES INC, AURORA LOAN SERVICES INC, BANK OF AMERICA, BANK ONE, CENTEX MORTGAGE, CHASE HOME FINANCE LLC, CLASSIC, COUNTRYWIDE HOME LOANS

INC, COUNTRYWIDE
MORTGAGE, EUSTIS, GMAC,
HARRY KELLEHER & CO,
HEBRAA, HOMECOMINGS
FINANCIAL, HOMEQ SERVICING
CORP, HSBC MORTGAGE, J
EVERETTE EAVES INC, LITTON
LOAN SERVICING, NOVASTAR
MORTGAGE INC, OCWEN LOAN
SERVICING, OPTION ONE
MORTGAGE, OVERBY &
SEWELL, REGIONS BANK,
SELECT PORTFOLIO SERVICING
INC, STANDARD MORTGAGE,
VILLE ST JOHN OWNERS
ASSOCIATION INC, WELLS
FARGO, WELLS FARGO BANK,
WILSHIRE CREDIT CORP. ,

DEFENDANTS.

COMPLAINT—CLASS ACTION

**NOW INTO COURT**, come Plaintiffs, James Anderson, Connie Abadie, Lee Asama, Carolyn Audrict, Rhonda Ayme, Brenda Bowman, Amandy Bacchus, Sylvia Barber, Julia Barnes, Lynn Bates, Mechele Bates, Alphonse Bazille, Phyllis Billingsley, Phyllis Billingsley, Ersel Bogan, Acquanette Bornes, Mary Brandon, Adolphus Brock, Evangeline Brown, Malcom Butler, Mercedes Cain, Owanda Campbell, Belinda Chism, Twanda Coleman, Sharila Collins, Gwendolyn Colvon, Gwendolyn Colvon, Odelia Condiff, Susan Coombs, Irma Curtis, Norma Darby, Gail Davis, Gloria Davis, Birdie

Dugars, Ada Duplessis, Joann Duvernay, Juanita Dyer, Dwayne Edwards, Chanell Encalarde, Paulette Evans, Kendra Every, Myra Faley, Theresa Fields, Calvin Foley, Shirley Mae Gaines, Vesta Gant, Danna Gilmore, Toletha Gilmore, Reginald Hall, Reginald Hall, Glenda Hamlin, Agnes Harris, Karen Harris, Kenneth Harris, Kennith Harris, Alex Hartley, Joycelyn Hayes, Joycelyn Hayes, Doreen Hills, Gwendolyn Howard, Joan Hyde, Johnson Iolanda, Michelle Johnson, John Johnson Jr, Monica Jones, Tyrone Jones, Percy Kelson, Darral Kendricks, Anna Krontz, Dawn Landry, Calvin Lange, Chaundra Lee, Janies Lee, Malcolm Leflore, Rachelle Lewis, Lourie Matthews, Allen McDonald, Laura Mene, Dwight Mickel, Darren Miller, Odile Millet, Unel Mitchell, Unel Mitchell, Gloria Muhammad, Mark Mumme, Georgia Musacchia, Arthur Nelson, Don Palmer, Evelyn Parker, Donis Partman, Catherine Patterson, Gwendolyn Payne, Portia Pollock, Geraldine Prudhomme, Gaynell Rachal, Herbert Robinson, Herbert Robinson, Jacquelyn Ross, Gerald Russell, Cheryl Sanchez, Sheila Sanders, Melvin Schultz, Brenda Singleton, Paulette Sorino, Deborah Stockman, Marion Sullivan, Marcelyn Taylor, Yolanda Temple-Esco, Shelleand Terry, Joseph Thomas, Joseph Thomas, Joseph Thomas, Catherine Thompson-Magee, Joseph Tilly, Frazier Tompkins, Helen Tonth, Aaron Turner, Jean Turner, Shirlene Vaison, Maria Vieages, John Walker, Rickey Walker, Oliver White, Anthony Whittington, Alfredia Williams, Matthews Williams, Michelle Williams, Isadore Willis, Alice Wroten, Kirk Young, Susan Zanders,

Elizabeth Zepherin, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, aver as follows:

I.

INTRODUCTION

1. On August 29, 2005, Plaintiffs were Louisiana residents who owned immovable property with improvements, principally houses or related residential structures, as well as personal property located there which was destroyed or damaged by winds generated by Hurricane Katrina.

2. The Policyholders bring this action on behalf of themselves and all other similarly situated for declaratory judgment, *stipulation pour autroi*, arising out of the wrongful, negligent, reckless and/or intentional refusal of Insurance Company Defendants ACE AMERICAN INSURANCE COMPANY, ACE AMERICAN REINSURANCE COMPANY, ACE FIRE UNDERWRITERS INSURANCE COMPANY, ACE INDEMNITY INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, AMERICAN SECURITY INSURANCE COMPANY, BALBOA INSURANCE COMPANY, BALBOA LLOYDS INSURANCE COMPANY, FIDELITY AND CASUALTY COMPANY OF NEW YORK, THE, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, FIDELITY AND GUARANTY INSURANCE COMPANY, FIDELITY AND GUARANTY INSURANCE

UNDERWRITERS INC, FIDELITY FIRST INSURANCE COMPANY, FIDELITY NATIONAL INSURANCE COMPANY, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY, COLONIAL LLOYDS, DELTA LLOYDS INSURANCE COMPANY OF HOUSTON, TEXAS, NATIONAL LLOYD'S INSURANCE COMPANY, REPUBLIC LLOYDS, UNDERWRITERS AT LLOYD'S LONDON, SAFECO INSURANCE COMPANY OF AMERICA, SAFECO NATIONAL INSURANCE COMPANY, SAFECO SURPLUS LINES INSURANCE COMPANY, SOUTHWEST BUSINESS CORPORATION, STATE NATIONAL FIRE INSURANCE COMPANY, STATE NATIONAL INSURANCE COMPANY, UNION NATIONAL FIRE INSURANCE COMPANY, ZC SPECIALTY INSURANCE COMPANY, ZC STERLING CORPORATION, ZC STERLING INSURANCE AGENCY, and Lender/ Mortgage Company Defendants AMERIQUEST MORTGAGE CO, AMC MORTGAGE SERVICES INC, AURORA LOAN SERVICES INC, BANK OF AMERICA, BANK ONE, CENTEX MORTGAGE, CHASE HOME FINANCE LLC, CLASSIC, COUNTRYWIDE HOME LOANS INC, COUNTRYWIDE MORTGAGE, EUSTIS, GMAC, HARRY KELLEHER & CO, HEBRAA, HOMECOMINGS FINANCIAL, HOMEQ SERVICING CORP, HSBC MORTGAGE, J EVERETTE EAVES INC, LITTON LOAN SERVICING, NOVASTAR MORTGAGE INC, OCWEN LOAN SERVICING, OPTION ONE MORTGAGE, OVERBY & SEWELL, REGIONS BANK, SELECT PORTFOLIO SERVICING INC, STANDARD MORTGAGE, VILLE ST

JOHN OWNERS ASSOCIATION INC, WELLS FARGO, WELLS FARGO BANK, WILSHIRE CREDIT CORP, to recognize plaintiffs as insured's and to provide insurance coverage to plaintiff for losses and damages to plaintiffs and class members' property caused by Hurricane Katrina.

3. Plaintiffs seek, on behalf of themselves and all others similarly situated, compensatory and punitive damages from the Defendants as a result of the defendants' wrongful conduct, in addition to declaratory relief by the Court that:

    a. Homeowners who have paid insurance premiums through escrow payments to lenders/mortgage companies under forced place insurance policies required by lenders/mortgage companies but paid for by plaintiffs are entitled to the benefit of said policies even if the insurance contract is between the lenders/mortgage companies and the insurance companies under the theory of a *stipulation pour autroi* as third party beneficiaries of the insurance contracts

## II.

## PARTIES

4. Plaintiffs and members of the class paid for homeowners insurance policies as required by lender/mortgage company defendants and issued by insurance company defendants.

5. Defendants are foreign lenders/mortgage companies and insurers domiciled in the various states and doing business in the State of Louisiana, and can be served through their registered agent for service of process. Insurance company defendants can be served through the Louisiana Secretary of State, 8549 United Plaza Blvd., Baton Rouge, LA 70809.

### III.

### JURISDICTION AND VENUE

6. 28 U.S.C. § 1332 (d)(2), as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, because the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and it is a class action brought by a Citizens of a State that is different from the State where at least one of the Defendants is incorporated or does business;

7. This Court has personal jurisdiction over Defendants because Defendants are or were transacting business in this District within the relevant time periods by way of selling insurance policies to insure property owned by the plaintiffs, who are also located in this District.

8.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District and the Defendants regularly transact business in this District.

## IV.

## CLASS ACTION ALLEGATIONS

9.   This action is appropriate for determination through the Federal Class Action Procedure (Fed. R. Civ. P. 23, *et seq.*) for the following reasons:

a.   The proposed class representatives and named plaintiffs herein seeks to represent the following proposed class:

> All property owners in the State of Louisiana, who paid insurance premiums on "forced place" insurance policies from any of the Insurance Company Defendants which policies were issued as forced place policies naming as insured any of the Lender/Mortgage Company Defendants, and whose property was destroyed or damaged during Hurricane Katrina.

b.   **NUMEROSITY**

Hurricane Katrina caused damage or destruction to approximately 160,000 or more homes and buildings, resulting in losses to plaintiffs and the proposed class. The exact number and identities of the class plaintiffs are unknown at this time, and can only be ascertained through appropriate discovery, plaintiffs are of information and belief that

the class of plaintiffs clearly consists of hundreds of thousands of persons presenting a level of numerosity better handled through the class action procedure.

c.  **COMMON QUESTIONS OF LAW AND FACT**

There are common questions of law and fact applicable to all class members and defendants and which predominate over individual questions which include but are not limited to the legal determination of whether the plaintiffs are beneficiaries and entitled to share in the proceeds of the forced place insurance policies under the theory of stipulation pour autroi.

d.  **ADEQUATE REPRESENTATION**

Plaintiffs will fairly and adequately represent the interests of the class; and the class representatives herein are represented by skilled attorneys who are experienced in the handling of mass tort class action litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the class.

e.  **TYPICALITY**

The claims of the class representatives as named herein are typical of the claims of the class members they seek to represent, in that they are all claims by homeowners

-12-

who have paid insurance premiums on "forced place" insurance policies and have been excluded as policy beneficiaries.

**f.    SUPERIORITY**

The Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each of the class members is impracticable. Individual litigation by each of the class members, besides being unduly burdensome to the plaintiffs would also be unduly burdensome and expensive to the court system as well as the defendants.

g.    Accordingly, class certification is appropriate under the Federal Rules of Civil Procedure, Rule 23(b)(2), Rule 23(b)(3) and/or Rule 23(b)(1)(B), and the class action vehicle is the superior method for handling this litigation.

**V.**

**FACTUAL BACKGROUND**

10.    Homeowner plaintiffs and class members are owners of immovable property with improvements, principally houses or related residential structures, as well as personal property located there, with such property being located in the State of Louisiana and within the jurisdiction of this Court.

11. Homeowner plaintiffs and class members paid for "forced place" insurance policies purchased by their lenders/mortgage companies, but despite having paid the premiums have not received the benefit of the policies as checks for claims have been made payable exclusively to the lender/mortgage company. This is so even in the instances where the homeowner has hired an attorney to pursue additional sums beyond the amounts originally offered by the insurance company.

12. Policyholders and class members paid for the policies with the reasonable expectation that they would be able to recover for their losses, at the least as 13. **Where applicable:** For the purpose of obtaining such hurricane coverage, Policyholders and class members had to agree to pay a "hurricane deductible".

13. At all times relevant hereto, Plaintiffs and class members made timely payment of the premiums due on their respective forced place insurance policies.

Hurricane Katrina Damages Policyholders' Property

14. At 6:10 a.m. on August 29, 2005, Hurricane Katrina made landfall near Grande Isle, Louisiana as a Category 4 hurricane, and then made a second landfall a short time later near the Louisiana-Mississippi border, the eye of the storm passing just east of the City of New Orleans at approximately 9:00 a.m.

15.  At 8:00 a.m. on August 29, there was water on both sides of the Industrial Canal in New Orleans, and by 9 a.m. there was six to eight feet of water in the City's Lower Ninth Ward.

16.  At 2:00 p.m. on August 29, New Orleans officials publicly confirmed the reason for the water accumulating in the Lower Ninth Ward was a breach in the Industrial Canal levee wall, a breach which was reported to be two city blocks wide.

17.  Other significant breaches in the New Orleans area levee systems occurred on or after August 29, 2005 which similarly caused releases of water into the City and adjoining parishes. In all, the levees around the City and adjoining parishes failed in at least eight (8) distinct locations, including the 17th Street, London Avenue and Industrial Canals, causing distinct and unique harm to different sections of the City and the surrounding parishes.

18.  Policyholders and class members sustained damage to their property as a result of the catastrophic events of August 29, 2005 and the following days, said catastrophic events being precipitated by Hurricane Katrina, a category 4 storm with sustained winds of 145 miles per hour.

**COUNT I – DECLARATORY JUDGMENT**

19. Policyholders repeat and reallege the allegations of the foregoing paragraphs as if the same were set forth at length herein.

20. An actual controversy exists between Plaintiffs and the Defendants concerning the plaintiffs status as beneficiaries of the policies having paid the premiums's.

21. Consequently, under the circumstances, it is necessary and appropriate for the Court to declare Plaintiffs', and Defendant's rights and duties under the Policies pursuant to 28 U.S.C. § 2201.

37. The losses suffered by Plaintiffs as a result of Hurricane Katrina are covered losses under their respective Policies.

38. Plaintiffs have paid premiums for the policies and have given timely notification to the insurer Defendants and made timely demands in writing that the insurer Defendant cover Policyholders' losses.

40. The Insurer Defendants and the Lender/Mortgage Company Defendants have refused to recognize the homeowners as beneficiaries of the policies .

41. Thus, Policyholders are entitled to a declaratory judgment that they are entitled to benefits under the theory of stipulation pour autroi.

42       **WHEREFORE**, Policyholders respectfully request that this Court enter a declaratory judgment in their favor and against the Defendants as to Count I, ordering and decreeing that:

Homeowners who have paid insurance premiums through escrow payments to lenders/mortgage companies under forced place insurance policies required by lenders/mortgage companies but paid for by plaintiffs are entitled to the benefit of said policies even if the insurance contract is between the lenders/mortgage companies and the insurance companies under the theory of a *stipulation pour autroi* as third party beneficiaries of the insurance contracts.

## COUNT II — BREACH OF CONTRACT

48. Plaintiffs repeat and reallege the allegations of the foregoing paragraphs as if the same were set forth at length herein.

49. A valid contract exists between the Lender/Mortgage Companies and the Insurance Companies, in the form of the individual All Risk Policies, which, *inter alia*, obligates Insurance Company Defendants to cover the loss of or damage to a dwelling and personal property therein.

50. Plaintiffs although not parties to the insurance contracts, paid all premiums due under the Policies and materially performed their obligations under the Policies.

-17-

51. Upon proper and repeated demands by Plaintiffs, the Defendants have refused to recognize plaintiffs as beneficiaries of the policies and refused to pay plaintiffs the damages for Plaintiffs' homes being destroyed or damaged.

52. As a direct and proximate result of the breach by Defendant, Plaintiffs were deprived of the benefit of insurance coverage for which the Defendant Insurance Companies were paid substantial premiums by the plaintiffs, thus plaintiffs have suffered substantial damages.

**WHEREFORE**, Policyholders demand judgment against the Defendants for all amounts due under the Policies, other compensatory damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

**WHEREFORE**, Plaintiffs demand

(1) that the defendants be served with a copy of the Complaint and be cited to appear and answer same;

(2) an order certifying the class and any appropriate subclasses thereof under the appropriate provisions of Federal Rules of Civil Procedure, Rule 23, and appointing complainants and their counsel to represent the Class;

(3) judgment against Defendants for all amounts due under the Policies, other compensatory damages, punitive damages, interest, attorney's fees, costs, and any further relief this Court deems equitable, just and proper.

Respectfully submitted,
**BRUNO & BRUNO**

_____
Joseph M. Bruno (T.A.) (La. Bar No. 3604)
David S. Scalia (La. Bar No. 21369)
855 Baronne Street
New Orleans, LA 70113
PH: (504) 525-1335
FX: (504) 561-6799
EM: jbruno@brunobrunolaw.com
EM: dscalia@brunobrunolaw.com